## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| PT HOLDCO, INC., *et al.,*[1] | ) |
| | ) Case No. 16-10131 (LSS) |
| | ) |
| Debtors in a Foreign Proceeding. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re Docket No. 4** |

## ORDER GRANTING PROVISIONAL RELIEF
## PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

Upon the Emergency Motion for Temporary Restraining Order, and After Notice

and Hearing, a Preliminary Injunction, Pursuant to Bankruptcy Code Sections 105(A), 362,

1507, 1519, and 1521 (the "Motion"),[2] by FTI Consulting Canada Inc. ("FTI") the duly

appointed and acting monitor (the "Monitor") and foreign representative of PT Holdco, Inc.,

PTUS, Inc. Primus Telecommunications, Inc., Lingo, Inc., and Primus Telecommunications

Canada Inc. (collectively, the "Debtors") in Canadian insolvency proceedings pending in

Ontario, Canada (the "Canadian Proceeding")[3]; pursuant to sections 105(a), 1507, 1519, and

1521 of title 11 of the United States Code (the "Bankruptcy Code"), and the Court having

considered and reviewed the Motion and the Verified Petition for Recognition of Foreign Main

---

[1] The last four digits of the Employer Identification Number or Canadian Business Number, as appropriate, for each debtor follow in parentheses: PT Holdco, Inc. (3731), PTUS, Inc. (0542), Primus Telecommunications, Inc. (4563), Lingo, Inc. (7778), and Primus Telecommunications Canada, Inc. (5618).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[3] The Monitor was appointed as monitor of the Debtors pursuant to provisions of Canada's Companies' Creditors Arrangement Act (the "CCAA"), R.S.C. 1985, c. C-36, the statute under which the Debtors have been granted relief from creditors.  An initial order was entered on January 19, 2016 in the Ontario Superior Court of Justice by the Honourable Mr. Justice Penny, Court File No. CV-16-11257-OOCL, In the Matter of a Plan of Compromise or Arrangement of PT Holdco, Inc., Primus Telecommunications Canada Inc., PTUS, Inc. Primus Telecommunications, Inc., and Lingo, Inc. ("Initial Order").

Proceeding and Related Relief (the "<u>Petition for Recognition</u>"), and all related documents filed

contemporaneously therewith, including, but not limited to, the Declaration of Nigel D. Meakin

in connection with the Petition for Recognition, including all facts specifically alleged and

verified therein; and upon the record herein; and due and sufficient cause appearing therefor; the

Court hereby finds and concludes as follows:[4]

     A.     The Monitor has demonstrated a substantial likelihood of success on the merits

that the Debtors are the subject of a pending foreign main proceeding in Canada and that the

Monitor is the foreign representative of the Debtors;

     B.     The Monitor has demonstrated that, without a stay of execution against the

Debtors' assets located in the United States and the protections of section 362 of the

Bankruptcy Code, there is a material risk that the Debtors will suffer irreparable harm to the

value of their business, assets, and property located in the United States;

     C.     The Monitor has demonstrated that, without the protections of section 365 of

the Bankruptcy Code, there is a material risk that key contracts may not be preserved and that

counterparties to certain of the Debtors' agreements may take the position that the

commencement of the Canadian Proceeding authorizes them to terminate such contract or

accelerate obligations thereunder;

     D.     The Monitor has demonstrated that such termination or acceleration, if

permitted and valid, would severely disrupt the Debtors' operations in the United States, result

in irreparable damage to the value of the Debtors' businesses in the United States, and cause

---

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Rule 52 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

substantial harm to the Debtors' creditors and other parties in interest;

  E. The Monitor has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' business, assets, and property located in the United States in the absence of the requested relief;

  F. The Monitor has demonstrated that the interests of the public will be served by this Court's granting of the relief requested by the Monitor;

  G. In the context of these cases, it would have been infeasible for the Monitor to have served notice of the Motion on all parties in interest in connection with the provisional emergency relief requested in the Motion;

  H. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 1501 of the Bankruptcy Code;

  I. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

  J. Venue is proper in this District pursuant to 28 U.S.C. § 1410(3). NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

  1. The Motion is GRANTED, as set forth herein.

  2. Effective _January 21_ at _10_ : _45_ a.m., pursuant to sections 105 and 1519 of the Bankruptcy Code, sections 362 and 365 of the Bankruptcy Code shall provisionally apply in these cases, thereby (a) staying any and all actions or proceedings against the Debtors and their assets in the United States, including actions by all persons and entities to seize, attach, possess, execute against, and/or enforce any claim or lien against any property located in the United States in which any of the Debtors has an interest and (b) preserving contracts that have not been terminated and staying all persons and entities from taking any action to terminate or modify any executory contract or unexpired lease with any of the Debtors, including without

limitation the right to rely upon any contractual provision purporting to effect a termination or

modification solely because of a condition of the kind described in section 365(e)(1) of the

Bankruptcy Code.

*The conclusion of a hearing to be held on further extending the provisional relief, which hearing shall*

3.    Such provisional application of sections 362 and 365 of the Bankruptcy Code *be on*

*February ~~th~~ 4*                                        *February 4, 2015*

shall extend through and including ~~the date on which the Court rules on the Monitor's Verified~~ *at 2:00 p.m.*

~~Petition for Recognition of Foreign Main Proceeding and Related Relief (Docket No.    ).~~

4.    The Monitor shall cause notice of the entry of this Order to be served in

accordance with and as set forth in the Order Scheduling Hearing on Verified Petition Under

Chapter 15 for Recognition of a Foreign Main Proceeding and for Additional Relief and

Assistance Under 11 U.S.C. §§105(a), 1507 and 1521 and Specifying Form and Manner of

Service of Notice of Hearing (the "Notice Order").

5.    Service in accordance with the terms of the Notice Order shall constitute

adequate and sufficient service and notice.

6.    Responses or objections to the Motion must be made pursuant to the

Bankruptcy Code, the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware, and the Bankruptcy Rules, must be in writing

and describe the basis therefore, and must be filed with the Office of the Clerk of the Court,

824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and served so as to be received

**on or before** *February 1*, **2016, at 4:00 p.m. (Eastern Time)**, in accordance with the

requirements of Bankruptcy Rule 1011(b), by: (i) United States counsel for the Monitor, Elliott

Greenleaf, P.C., 1105 N. Market Street, Suite 1700, Wilmington, Delaware 19801, Attn.:

Rafael X. Zahralddin, Esq. (ii) counsel for PT Holdco, Inc. and (iii) counsel to the United

States Trustee for the District of Delaware, Office of the United States Trustee, 844 N. King

Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder, Esq.

7.     Pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule 65(c) are waived.

8.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: January 21, 2016

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE